**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**THE SCHALL LAW FIRM**
Brian Schall (290685)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com

*Proposed Co-Lead Counsel for Lead Plaintiff
and for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG GREENHALGH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CARIBOU BIOSCIENCES, INC., RACHEL E. HAURWITZ, JASON V. O'BYRNE, RYAN FISCHESSER, SCOTT BRAUNSTEIN, ANDREW GUGGENHIME, JEFFREY LONG-MCGIE, and NATALIE R. SACKS, <br><br> Defendants. | Case No. 3:23-cv-00609-VC <br><br> **NOTICE OF MOTION AND MOTION OF MOVANT RON BERGMAN TO CONSOLIDATE RELATED ACTIONS, APPOINT MOVANT AS LEAD PLAINTIFF AND APPROVE MOVANT'S COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> <u>CLASS ACTION</u> <br><br> Judge: Vince Chhabria <br> Hearing: May 18, 2023 <br> Time: 10:00 a.m. <br> Ctrm: 5-17th Floor |
| RON BERGMAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CARIBOU BIOSCIENCES, INC., RACHEL E. HAURWITZ, JASON V. O'BYRNE, RYAN FISCHESSER, SCOTT | Case No. 3:23-cv-01742 <br><br> Judge: |

1

| BRAUNSTEIN, ANDREW GUGGENHIME, JEFFREY LONG-MCGIE, and NATALIE R. SACKS, | ) ) ) | |
|---|---|---|
| Defendants. | | |

**PLEASE TAKE NOTICE** that on May 18, 2023 at 10:00 AM before the Honorable Vince Chhabria in the San Francisco Courthouse, Courtroom 5 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Movant Ron Bergman ("Movant") will and does move this Court for an order granting the Motion: (a) consolidating the related actions, (b) appointing Movant as Lead Plaintiff; and (c) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") and The Schall Law Firm ("Schall Law") as Co-Lead Counsel for Plaintiff and the Class

This Motion is brought pursuant to Section 27 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) and Federal Rule of Civil Procedure ("Rule") 42(a), on the grounds that: (1) the related actions should be consolidated as they involve common questions of law and fact and consolidation would promote judicial economy; (2) Movant should be appointed as Lead Plaintiff for the class of purchasers of Caribou Biosciences, Inc. ("Caribou" or the "Company") common stock (a) pursuant or traceable to the "Offering Documents" (defined below) issued in connection with the Company's initial public offering  conducted on or about July 23, 2021 (the "IPO" or "Offering"); and/or (b) Caribou securities  between July 23, 2021 and December 9, 2022, both dates inclusive (the "Class Period"), as Movant timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Rule 23; and (3) that Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel should be approved as the firm is well-qualified with extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Laurence M. Rosen, the certification of Laurence M. Rosen pursuant to LR 3-7(d), a certification pursuant to LR 3-15, and a proposed order.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Movant Ron Bergman ("Movant"), respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 27 of the Securities Act of 1933 (the "Securities Act") and Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)    consolidating the above-captioned related actions;

(2)    appointing Movant as Lead Plaintiff for all persons other than defendants who purchased the common stock of between February 22, 2021 and January 3, 2023, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3)    appointing Rosen Law and Schall Law as Co-Lead Counsel for the Class.

## I.    CLAIMS ASSERTED

On February 10, 2023, this action, styled as *Greenhalgh v. Caribou Biosciences, Inc., et. al*, case no. 3:23-cv-00609-VC was filed against the Company, Rachel E. Haurwitz ("Haurwitz"), Jason V. O'Byrne ("O'Byrne"), Ryan Fischesser ("Fischesser"), Scott Braunstein ("Braunstein"), Andrew Guggenhime ("Guggenhime"), Jeffrey Long-McGie "Long-McGie"), and Natalie R. Sacks ("Sachs") for violations under the Securities and Exchange Acts with a Class Period of in connection with the Company's July 23, 2021 IPO or between July 23, 2021 and December 9, 2022. That same day, early notice pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff was issued. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration"). On March 16, 2023, the case was voluntarily dismissed.

Then, on March 23, 2023, an action styled as *Lowry v. Caribou Biosciences, Inc., et. al*, case no. 23-cv-029855, was filed in California Superior Court for the County of Alameda against the Company, Haurwitz, O'Byrne, Fischesser, Braunstein, Guggenhime, Long-McGie, and Sacks, alleging violations under the Securities Act.

NOT. OF MTN. AND MTN. OF RON BERGMAN TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
3:23-cv-00609-VC

Then, on April 11, 2023, an action styled as *Bergman v. Caribou Biosciences, Inc., et. al,* case no. 3:23-cv-01742 (collectively with the February 10, 2023 action, the "Federal Lawsuits") was filed in the Federal Court for the Northern District of California against the Company, Haurwitz, O'Byrne, Fischesser, Braunstein, Guggenhime, Long-McGie, and Sacks, alleging violations under the Securities and Exchange Acts with a Class Period of in connection with the Company's July 23, 2021 IPO or between July 23, 2021 and December 9, 2022.

Defendant Caribou purports to be "a clinical-stage CRIPR genome-editing biopharmaceutical company dedicated to developing innovative, transformative therapies for patients with devastating diseases. CRISPR is an acronym for Clustered Regularly Interspaced Short Palindromic Repeats. Our novel CRISPR platform, CRISPR hybrid RNA-DNA [. . .] enables high genome-editing precision to develop cell therapies that are specifically engineered to target cancer and are armored for enhanced persistence. We are advancing a pipeline of allogeneic, or off-the-shelf, chimeric antigen receptor ("CAR")-T ("CAR-T") and CAR-natural killer ("CAR-NK") cell therapies for the treatment of patients with hematologic malignancies and solid tumors." The Company is incorporated in Delaware and is headquartered in Berkeley, California.

The Federal Lawsuits allege that the Offering Documents (the "Offering Documents" are comprised of a Form 424B4 filed with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement (the "Prospectus")) supporting the IPO were "materially false and misleading because the Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation.

Specifically, the Offering Documents made false and/or misleading statements and/or failed to disclose that: (i) CB-010's treatment effect was not as durable as Defendants had led investors to believe; (ii) accordingly, CB-010's clinical and commercial prospects were overstated; and (iii) as a result, the Offering Documents were materially false and/or misleading and failed to state information required to be stated therein."

4

Also according to the Federal Lawsuits, Defendants throughout the Class Period made "false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, the Exchange Act Defendants made false and/or misleading statements and/or failed to disclose that: (i) CB-010's treatment effect was not as durable as Defendants had led investors to believe; (ii) accordingly, CB-010's clinical and commercial prospects were overstated; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times."

Then, on June 10, 2022, Caribou issued a press release which stated, in part, that "[a]t 6 months following the single dose of CB-010, 40% of patients remained in CR (2 of 5 patients) as of the May 13, 2022 data cutoff date." These results indicated that Caribou's product was not commercially viable. On this news, Caribou's stock price fell $1.78 per share, or 20.41%, to close at $6.94 per share on June 10, 2022.

Then, on December 12, 2022, Caribou issued a press release which stated, in part, that "3 of 6 patients maintained a durable CR at 6 months", and "2 of 6 patients maintain a long-term CR at the 12 month scan and remain on the trial." Accordingly, concerns that the Company's CB-010 treatment lacked significant durability were confirmed. On this news, Caribou's stock price fell $0.81 per share, or 9.03%, to close at $8.16 per share on December 12, 2022.

## ARGUMENT

## I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15

NOT. OF MTN. AND MTN. OF RON BERGMAN TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
3:23-cv-00609-VC

U.S.C. § 77z-1(a)(3)(A)(ii), 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions in this District allege similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B), 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, having the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A.  Movant Is Willing to Serve as Class Representative

Movant timely filed the instant motion in response to a PSLRA early notice, and filed herewith a PSLRA certification attesting that Movant is willing to serve as a representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Rosen Decl., Ex. 2 (PSLRA certification). Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.  Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest," the movant's approximate losses in the subject securities is the best measure. *Richardson,* 2007 WL 1129344 at * 4 (citing cases).

Movant lost approximately $220,952.33 in connection with his purchases of Caribou common stock during the Class Period. *See* Rosen Decl., Ex. 3 (Movant's Loss Chart). Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### C.  Movant Satisfies the Requirements of Rule 23

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23." 15 U.S.C. 77z-1(a)(3)(B)(iii)(I)(cc), 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a

7

*prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the Class, and Movant's claims are typical of the members of the Class. Movant and all members of the Class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Caribou and its business. Movant, as did all of the members of the Class, purchased the Company's securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Movant and other Class members, and Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of
adequately representing the class.

15 U.S.C. 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant is not aware of any unique defenses that Defendants could raise against it that would render Movant inadequate to represent the Class. Movant has researched and retained competent and experienced counsel concerning this case, and made this motion to be appointed

8

as Lead Plaintiff. Movant is not aware that any conflict exists between their claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Enovix common and is, therefore, extremely motivated to pursue claims in this action.

Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class. Further, Movant is a sophisticated investor with over 27 years of investing experience. He is a resident of Texas, holds a Master of Business Administration degree, and works as a Director of Engineering.

### III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law and Schall Law as Co-Lead Counsel. The firms have been actively researching the Class's and the Movant's claims, including reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation. The Firms have prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. The resume of each firm is attached as Exhibits 4 and 5 to the Rosen Declaration.

As a result of the firms' experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the Class will receive the best legal representation available.

### IV.    CONCLUSION

NOT. OF MTN. AND MTN. OF RON BERGMAN TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
3:23-cv-00609-VC

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving Rosen Law and Schall Law as Co-Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: April 11, 2023                          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Co-Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (290685)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com
ivy@schallfirm.com
rina@schallfirm.com

NOT. OF MTN. AND MTN. OF RON BERGMAN TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
3:23-cv-00609-VC

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On April 11, 2023 I electronically filed the following **NOTICE OF MOTION AND MOTION OF MOVANT RON BERGMAN TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on April 11, 2023.

/s/ Laurence M. Rosen
Laurence M. Rosen

NOT. OF MTN. AND MTN. OF RON BERGMAN TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
3:23-cv-00609-VC